IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff

vs

1) HECTOR LUIS RIVERA-QUILES
a/k/a Tito
2) **REY FRANCISCO QUIÑONES-MEDINA**
a/k/a Rey

Defendants

CRIMINAL 04-0368CCC

### O R D E R

Before the Court are two Sentencing Memorandums filed by defendant Rey F. Quiñones-Medina on November 14, 2006 (**docket entry 173**) and December 5, 2006 (**docket entry 175**), as well as the United States' Response filed on December 20, 2006 (**docket entry 179**). In his first Sentencing Memorandum, defendant claims that he provided substantial assistance to the government and that he is also eligible for a "safety valve" adjustment. In the second, defendant requests a downward departure and/or variance based on his mental condition, and submits in support a psychiatric evaluation conducted in 2004 as well as his medical records at MDC-Guaynabo.

As to the requests made in the first Memorandum, we note that defendant's contention that he provided substantial assistance to the government is a matter to be determined by the United States, and on which final determination we may not intervene in the absence of allegations that the government has acted based on unconstitutional motives, Wade v. United States, 504 U.S. 181, 186, 112 S.Ct. 1840 (1992); United States v. Alegría, 192 F.3d 179, 188 (1st Cir.1999), or arbitrariness, United States v. Davis, 247 F.3d 322, 325-26 (1st Cir.2001); allegations that, we note, have not been raised here. Defendant's additional averment that he qualifies for a "safety valve" adjustment is also meritless. For one thing, application of the "safety valve" requires that "defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan," see 18 U.S.C.

§3553(f)(5), U.S.S.G. §5C1.2(a)(5), and defendant has consistently denied that he was involved in a conspiracy involving five (5) kilograms of cocaine, see e.g. Sentencing Memorandum (docket entry 173), at p. 2, a fact which was clearly established by all the evidence presented at trial and which, not surprisingly, the jury found proven beyond a reasonable doubt. See Verdict Form (docket entry 127). Hence, defendant has failed to meet the "truthfulness" requirement of the "safety valve." See United States v. Matos, 328 F.3d 38, 40 (1st Cir.2003) (". . . nothing short of truthful and complete disclosure will suffice.")

With regard to the downward departure requested by defendant in the second Memorandum based on his mental condition, we already indicated in our Order dated September 14, 2006 (docket entry 164) that a downward departure for a "significantly reduced mental capacity" under U.S.S.G. §5K2.13 is not established by a diagnosis of depression alone, but rather by a specific showing that said mental condition impaired defendant's ability to understand the wrongfulness of his behavior or his ability to control behavior he knew was wrong. The evidence submitted by defendant only proves the former, but not the latter. He admits that much. See Memorandum (docket entry 175), at p. 2. In any event, we had warned defendant in our September 14, 2006 Order that we would not consider any additional evidence on this request for departure unless he showed good cause for its late submission, given that he had announced in his motion for Corrections and Objections to PSR filed since April 18, 2006 (docket entry 147) that the medical records relevant to this issue had to be translated but as of September 14, 2006, when the Court ruled on the objections, had not been submitted. Defendant candidly states now in his sentencing memorandum that the relevant psychiatric report "was submitted for translation on September 24, 2006." See Memorandum (docket entry 175), at p. 2. Given that defendant has implicitly acknowledged that he was derelict in obtaining the translation of the relevant report, and has obviously failed to show good cause for its late submission, we will simply not consider it, nor any other evidence on this issue. Accordingly, defendant's request for a downward

departure under U.S.S.G. §5K2.13 is DENIED.  The Court, however, will consider the medical records from MDC-Guaynabo in assessing defendant's history and characteristics as part of the statutory sentencing factors established in 18 U.S.C. §3553(a).

SO ORDERED.

At San Juan, Puerto Rico, on December 21, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge